```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

ROOSEVELT PICKETT,            )
                              )
Petitioner,                   )
                              )
   v.                         )         No. 2:05-CV-387
                              )             (2:04-CR-27)
UNITED STATES OF AMERICA,     )
                              )
Respondent.                   )

## OPINION AND ORDER

This matter is before the Court on the "Motion to Supplement Petition Under 28 U.S.C. 2255 to Rule 15(e) of the Federal Rules of Civil Procedure with a Petition for Downward Departure from Current Sentence" filed by Petitioner on January 8, 2007. Although nominally a motion to supplement, the Court will treat the instant motion as a second or successive motion[1] because it challenges Defendant's sentence, a claim within the scope of a section 2255 motion. *U.S. v. Canino,* 212 F.3d 383, 384 (7th Cir. 2000). Moreover, the instant motion was filed after the Court's denial of

---

[1] Under 18 U.S.C. § 3553(e), only "upon motion of the Government" will the court have the authority to impose a sentence below the level established by statute as the minimum sentence. Here, Defendant was sentenced to the statutory minimum. Therefore, Defendant's motion would be denied even if this Court construed it as a motion for downward departure.

Petitioner's first motion under 28 U.S.C. § 2255 (D.E. # 1) on January 4, 2007.

> Paragraph 8 of § 2255 provides that:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Petitioner's instant motion has not been certified as required by 28 U.S.C. § 2255, this Court does not have jurisdiction. *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996)("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing" (emphasis in original)). Accordingly, the instant motion is **DISMISSED**.

**DATED: May 21, 2007**         /s/ RUDY LOZANO, Judge
                                **United States District Court**